In re DAVIS.
No. 3702.

District Court, N. D. Iowa, Central Division.
Jan. 29, 1938.

R. Brown, of Creston, Iowa, for Margaret Alice Davis, in pro per.

John A. Senneff, of Mason City, Iowa, for C. R. Shackelford.

SCOTT, District Judge.

The above-entitled matter came before the court upon a show cause order, due

notice having been given to all parties, on Monday, September 27, 1937. The debtor, Margaret Alice Davis, appeared in person and by her counsel, R. Brown, of Creston, Iowa, and C. R. Shackelford, the largest secured creditor and holder of sheriff's certificate of sale of the farm in controversy, appeared by his counsel, John A. Senneff, of Mason City, Iowa, and testimony was taken and the matter argued, but upon the request of counsel for both parties, ruling was requested to be reserved for thirty days until the parties should have an opportunity to attempt a composition voluntarily; and from time to time thereafter further time was asked by the debtor. And on the 26th day of January, 1938, the debtor filed a motion requesting a rehearing on said show cause order before ruling, on the ground of defects in the transcript of the evidence taken at the hearing on September 27, 1937. And the court now on this 29th day of January, 1938, being fully advised in the premises, and being of opinion that further delay in ruling on the submission of said September 27, 1937, is not justified, and it appearing that the parties concerned cannot amicably compose their differences, and the court being further of opinion that there is no legal or equitable ground for a rehearing on said show cause order, said motion for a rehearing is denied.

And the court having fully considered the matter submitted upon September 27, 1937, is of opinion that this court is without jurisdiction in said matter. And the court finds as follows:

That the debtor is the wife of a practicing physician, resident in the city of Peoria, Ill. That she was at the time she filed her petition under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, the owner of the farm described in her petition, subject to a mortgage, decree of foreclosure thereof, and sheriff's sale under said decree. That the debtor had never resided on said farm, and was not and had not for a long period of time prior to filing of her petition been interested directly in operating the same. That she had habitually leased the same to tenants who personally operated the farm. That the debtor was not at the time of filing her petition, personally engaged in farming, and that she received no income from personally producing products of the soil, or personally engaging in farming in any manner.

That the court is of opinion that in the light of a full hearing upon said show cause order, held on September 27, 1937, the order made in this matter on November 21, 1936, should be now approved and adhered to. In that order the court said:

"The debtor evidently bases her contention for jurisdiction of this Court upon the provisions of section 75, subdivision (r) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203(r). That subdivision is in the following language:

" 'For the purposes of this section, section 22 (b), and section 202, the term "farmer" includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock, or the production of poultry or livestock products in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations, and includes the personal representative of a deceased farmer; and a farmer shall be deemed a resident of any county in which such operations occur.'

"The pertinent part of the sentence above quoted is the following clause: 'or the principal part of whose income is derived from any one or more of the foregoing operations.' Indeed, the words, 'foregoing operations' seems to be the crux of the matter. What 'foregoing operations' are referred to? A careful reading of the preceding language of the subdivision I think makes it clear that every operation enumerated to be engaged in by an individual is a personal operation. By the terms of that subdivision 'farmer' includes not only an individual primarily bona fide personally engaged in producing products of the soil, but any individual who is primarily bona fide personally engaged in four other allied activities, and then concludes with the language, 'or the principal part of whose income is derived from any one or more of the foregoing operations.' What were the foregoing operations? In each instance a personal operation. The subdivision then brings within its purview the personal representative of a deceased farmer. I conclude that if the debtor be a farmer within the meaning

14

of this subdivision, the debtor must be engaged in farming personally and not merely own farm land which she or he leases to others who operate it. In view of this conclusion the last clause of the subdivision does not apply, and the debtor in this instance is not to be deemed a resident of the county of Wright and State of Iowa. In these circumstances I find the petition of the debtor not properly filed and that this court has no jurisdiction in the premises, and it is Ordered and Adjudged that the debtor's petition be and the same is hereby dismissed at her costs and an exception reserved to the debtor."

■ The court now at this time readopts said language and opinion, and it is now found that debtor's petition should be dismissed for want of jurisdiction, and for the further reason that the undisputed testimony taken shows and upon the debtor's petition and schedules it appears that the debtor's petition was not rationally filed in good faith, and from the undisputed facts and circumstances there is no reasonable probability of debtor's financial rehabilitation under any proceeding to be had under section 75 of the Bankruptcy Act, as amended.

It is, therefore, ordered that debtor's petition be and the same is hereby dismissed.